## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| UTC LABORATORIES, LLC | CASE NO. 21-10609 |
| | JUDGE DOUGLAS D. DODD |
| DEBTOR | CHAPTER 11, SUBCHAPTER V |

### ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE

A telephone status conference was held Friday, October 8, 2021, pursuant to the court's October 6, 2021 order (P-185). Participating were

    Laura F. Ashley and Robert A. Kutcher, Attorneys for UTC Laboratories, LLC
    Mark S. Stein, Attorney for Patrick Ridgeway
    Adam G. Young, Attorney for James Agee and Shea Harrelson
    Michael S. Finkelstein, Attorney for Clayton J. White
    McClain R. Schonekas, Attorney for Barry Griffith
    Adam D. Whitworth, Attorney for AIG Specialty Insurance Company

As a result of the conference,

IT IS ORDERED that:

    1. The hearing on Shea Harrelson and James Agee's Motion for Sanctions (P-154) scheduled for October 28, 2021 at 10:00 a.m. is continued to November 29, 2021 at 9:00 a.m., and with the consent of all counsel will be held at the United States Bankruptcy Court, 707 Florida St., 2d Floor, Baton Rouge, Louisiana 70801.

    2. Trial Preparation:

        a. The parties shall file exhibit lists, exchange exhibits, and deliver three sets of copies of all lists and exhibits to Chambers, no later than November 23, 2021 at 12:00 noon. All exhibits shall be sized to 8.5 x 11 inches. EXHIBITS SHALL NOT BE FILED ELECTRONICALLY.

        b. Parties intending to make use of electronic evidence, including audio and video recordings, and demonstratives presented by electronic means, shall notify the courtroom deputy and the court's technology staff no later than 5 business days before trial to ensure that they have proper cabling and compatible equipment. Parties failing to arrange with the court's staff presentation of electronic evidence or use of electronic demonstratives sufficiently in advance of trial shall not be permitted to offer electronic evidence or use electronic demonstratives if doing so will delay trial, and

    will be deemed to have waived electronic evidence presentation and use of electronic demonstratives.

  c. The parties shall file pretrial memoranda no later than November 23, 2021. Memoranda shall not exceed 25 pages without prior leave of court. Issues not timely briefed shall be deemed abandoned and shall not be considered at trial.

 3. Privacy: The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year. However, if such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. If a restricted item is mentioned during questioning of witnesses or at another time in court, counsel shall move to strike it from the record or to redact the transcript to conform to the privacy policy, or the court may do so on its own motion.

 4. Movers shall electronically mail the pretrial order (as an attachment in Word or WordPerfect format) to Chambers (orders@lamb.uscourts.gov) no later than November 23, 2021 at 12:00 noon local time. The pretrial order shall be submitted as a single document with no separate attachments.

**Requirements for Pretrial Order**

 1. Counsel for all parties shall confer not later than 30 days before trial to reach all possible stipulations and to exchange exhibits that they intend to offer in evidence at trial. Movers' counsel shall initiate the conference, and all other counsel shall cooperate in scheduling and concluding the conference. A party unable to obtain the cooperation of other counsel to schedule and complete the conference shall communicate with the court. At the conference counsel for the parties shall furnish a statement of the real issues each party will offer evidence to support, identifying in the statement contested issues of law and of fact. The parties shall eliminate any issues raised in the pleadings as to which no real controversy exists. **Movers' counsel then shall prepare the pretrial order and submit it to opposing counsel for review and approval**.

 2. All trial counsel shall sign the pretrial order, then movers shall electronically mail it to chambers. The judge shall sign the pretrial order if it complies with this order.

 3. The pretrial order shall include:

  a. The date and time of the trial;

  b. A realistic estimate of the time required for trial;

  c. The appearance of counsel, identifying the party(s) represented;

d.     A description of the parties and the legal relationships of all parties, specifically identifying the claims, counterclaims, third party claims and cross claims.

e.     A statement that the proceeding is a "core" proceeding as described in 28 U.S.C. §157(b)(2)(a)( and (o), and the court will render a final judgment under Federal Rule of Bankruptcy Procedure 7052 rather than issue proposed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9033.

f.     A list and description of any pending or contemplated motions, and any special issues appropriate for determination in advance of trial.

g.     A statement of all uncontested material facts. This list should be in a form suitable for inclusion in the court's findings of fact.

h.     A list of findings of fact proposed by the movers to which the respondents will not stipulate. This list should be in a form suitable for inclusion in the court's findings of fact.

i.     A list of findings of fact proposed by the respondents to which the mover will not stipulate. This list should be in a form suitable for inclusion in the court's findings of fact.

j.     A list of uncontested conclusions of law. This list should be in a form suitable for inclusion in the court's conclusions of law.

k.     A list of conclusions of law proposed by movers that respondents contest. This list should be in a form suitable for inclusion in the court's conclusions of law.

l.     A list of conclusions of law proposed by respondents that movers contest. This list should be in a form suitable for inclusion in the court's conclusions of law.

m.     A statement that **discovery is complete**. Except for good cause, all discovery shall be completed before the discovery cutoff specified in this or earlier court order. Except for good cause, the court will not grant extensions of discovery sought after the discovery cutoff.

n.     For each party, a complete list of exhibits to be offered at trial, identifying every proposed exhibit by title (or description) and date (if applicable). Parties shall stipulate to the authenticity and admissibility of proposed exhibits where possible before trial, and if they are unable to stipulate shall set forth in the pretrial order all objections to the introduction of proposed trial exhibits. Parties shall specify every objection to the introduction of any trial exhibit with citations to the applicable Federal Rule of Evidence or other applicable law. Objections to admissibility of

    an exhibit not set forth in the pretrial order shall be deemed waived. Exhibits shall be individually labeled to identify the offering party and consecutively numbered in the order they are to be introduced at trial, to the extent practical.

  o. A list of all deposition or other testimony to be offered into evidence at trial. Parties offering prior testimony shall identify the specific pages of transcripts being offered, if they intend to offer only parts of a complete transcript. A party objecting to the introduction of prior testimony shall identify the specific portions of the transcript to which it objects, and the specific basis for the objection. Objections to the introduction of prior testimony shall be deemed waived if they are not set forth in the pretrial order, except for objections to prior testimony used solely for impeachment.

  p. Witnesses:

    (1) A list of witnesses for each party, including the names, addresses, a statement of the general subject matter of their testimony, and identification of witnesses who **will** be called in the absence of reasonable notice to opposing counsel, and of those who **may** be called. Except for good cause, the court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pretrial order.

    (2) The statement that "No further witnesses shall be added to the pretrial order except upon application to the court for good cause." Once the judge has signed the pretrial order, the court shall not grant leave to add witnesses if doing so will deprive opposing parties of an opportunity to depose the witnesses, or otherwise delay the case unnecessarily. This restriction shall not apply to impeachment or rebuttal witnesses.

  q. The statement that "This pretrial order has been formulated after a conference at which counsel for the respective parties (or the parties if they are not represented by counsel) have appeared **in person**. Reasonable opportunity has been afforded counsel for corrections or additions before signing. Hereafter, this order will control the course of the trial and shall not be amended except with consent of the parties and the court, or by court order to prevent manifest injustice."

  r. A statement that counsel have conferred in good faith in an effort to settle the dispute without the necessity of a trial.

  IT IS FURTHER ORDERED that only an order of the court can change any deadlines or other requirements in this order; parties may not do so by agreement.

IT IS FURTHER ORDERED that the Clerk serve this order on counsel of record for all parties to this proceeding.

Baton Rouge, Louisiana, October 12, 2021.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE
